**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **MARIO MENDEZ-ZAMORA,** ) <br> ) <br> **Defendant.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 03-3223-CM** <br> **No. 00-20066-03-CM** |

**MEMORANDUM AND ORDER**

On June 21, 2000, the Grand Jury returned a superseding indictment that charged defendant, in addition to others, with one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of methamphetamine; two counts of distribution and possession with intent to distribute more than one kilogram of methamphetamine; and one count of distribution and possession with intent to distribute more than fifty grams of methamphetamine. Defendant pleaded guilty to Count Five on July 31, 2000, pursuant to a plea agreement.

Following defendant's guilty plea, the probation officer prepared a presentence investigation report ("PSI"). The PSI attributed more than fifteen kilograms of methamphetamine to defendant, which resulted in a base offense level of 38. The PSI recommended that the court increase defendant's offense level by two levels due to defendant's leadership role in the organization, which the court found was warranted.[1] This enhancement resulted in an adjusted offense level of 40. The court then reduced defendant's offense level by three for acceptance of responsibility. Defendant's

---

[1] The PSI also recommended a gun enhancement, but the court did not apply the enhancement.

total offense level was 37 and his criminal history category was I, resulting in a guideline range of 210 - 262 months.

On February 26, 2001, the court sentenced defendant to 210 months on Count Five. Defendant appealed his sentence, and the Tenth Circuit affirmed. On May 14, 2003, defendant filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 243). Defendant contends that his counsel was ineffective in several areas of his case. First, defendant claims that his counsel was ineffective for failing to adequately explain to him the provisions of the plea agreement and for failing to advise him that his sentence would be more than the five-year statutory minimum sentence. Second, he claims that his counsel was ineffective during the sentencing hearing. And third, he claims that his counsel was ineffective on appeal.

**I.    Standard**

In determining whether a habeas petitioner's trial counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the trial counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a challenge to a guilty plea, a petitioner must show that had it not been for the unsatisfactory advice of his counsel, he would not have entered a guilty plea to the charges. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Id.* at 59. A petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors is insufficient to entitle him to relief. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). The court looks to the factual circumstances surrounding the plea to determine whether a petitioner would not have entered a guilty plea. *Id.* (citations omitted).

**II.     Discussion**

*A.  Counsel's Representation During the Guilty Plea*

Defendant claims that his counsel did not advise him of the consequences of his guilty plea and that he did not understand its terms and conditions. The plea agreement itself informed defendant of some of the consequences of his guilty plea. And during the change of plea hearing, the court took great care in advising defendant of what he could expect from his guilty plea. The court examined both defendant and his counsel about their knowledge and understanding of the plea agreement:

> THE COURT: Okay. Has your attorney gone over this charge with you and

> explained to you what the charge was about?
> DEFENDANT:  Yes, he has.
> THE COURT:  Has he explained to you the consequences of you pleading guilty to that charge?
> DEFENDANT:  Sure.
> THE COURT:  Okay. Mr. Highland, is it your statement to the court that you've gone over this charge with defendant, explained to him the nature of the charge as well as the consequences of pleading guilty to this charge?
> MR. HIGHLAND:  Your Honor, I've done that completely on three different occasions.  I believe he's fully informed on that.

According to defendant, he believed his sentence would be the five-year statutory minimum term of imprisonment.  Again, at the change of plea hearing, the court specifically noted:

> THE COURT:  Do you realize that even though you plead guilty, the court may still impose the same punishment just as if you had pled not guilty, stood trial and been convicted by a jury?
> DEFENDANT:  Yes.
> THE COURT:  Having heard all this about your constitutional rights, if you plead not guilty, do you still want to waive them and plead guilty at this time?
> DEFENDANT:  Yes.
> THE COURT:  I need to also let you know that I'm – that under the statute to which you're being charged, there's a maximum punishment for your offense, and I want to go over that with you.  There's a statutory minimum sentence of five years with a maximum sentence of 40 years imprisonment [without parole].  Do you understand that's a possible maximum?
> DEFENDANT:  Yes, I understand.
> . . .
> THE COURT:  Do you understand these possible sentences that you could receive and the consequences by pleading guilty at this time?
> DEFENDANT:  Yes.
> THE COURT:  Do you still want to plead guilty right now?
> DEFENDANT:  Yes.

The court also informed defendant that he would be sentenced under the sentencing guidelines.  Defendant represented that he understood this and that he had discussed the application of the sentencing guidelines to his case.  Defendant also said he understood that if the sentence was more severe than what he expected, then he was still bound by his guilty plea and could not withdraw it.  In addition, defendant stated that he had no complaints about his court-appointed

-4-

attorney.

Furthermore, at defendant's sentencing hearing, the court recognized that it had taken extra precautions to make sure that defendant understood the application of the sentencing guidelines to his sentence:

> In regards to the plea that was given to the court and accepted, if the court remembers correctly, even at the time of the plea, Mr. Mendez-Zamora had some questions about the impact and the scope of the plea. And if I remember correctly, the court made sure that he had an opportunity to speak with his counsel and also the court, on its own, informed defendant that the court would not accept his plea unless he freely, voluntarily, understandably wanted to enter it. That's to the best of the court's recollection and after having gone over that with the defendant, the defendant did in fact plead guilty.

Finally, the court rejects defendant's argument that he did not understand what was happening in his case because his native language is Spanish. The affidavit of his counsel represents that all communications between them were translated with a Spanish speaker. And a translator was present during the change of plea hearing at which the court explained all of this information to defendant.

The factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Because defendant has failed to establish prejudice or that counsel's actions fell below an objective standard of reasonableness, the court denies defendant's petition with respect to his guilty plea.

## B. Counsel's Representation During Sentencing

Defendant next contends that his counsel failed to effectively represent him at the sentencing hearing because counsel withdrew defendant's objection to the two-level enhancement for role in the

offense.[2] On appeal, the Tenth Circuit found that this withdrawal also waived defendant's right to appeal the matter. Nonetheless, the Tenth Circuit still considered the merits of defendant' argument, and held:

> In any event, Defendant signed a plea agreement in which he acknowledged that the government could produce at trial certain evidence summarized in the agreement. That evidence would establish Defendant's role as an organizer. For example, the evidence shows that he arranged for another person to transport methamphetamine from California to Kansas in February 1998 and also arranged for two drug traffickers to obtain methamphetamine from two of his associates in May 1998.

*United States v. Mendez-Zamora*, 42 Fed. Appx. 183, 184-85 (10th Cir. 2002).

Based on this observation, the court cannot conclude that defendant's counsel at sentencing was ineffective in withdrawing the objection to the two-level enhancement for role in the offense.

### *C. Counsel's Representation During Appeal*

Defendant's last argument is that his counsel ineffectively represented him on appeal. Counsel submitted a brief to the Tenth Circuit, raising four issues. The brief indicated that it was submitted at defendant's request pursuant to *Anders v. California*, 386 U.S. 738 (1967) because there were no legitimate issues to appeal. Defendant then filed his own *pro se* brief and reply. As previously noted, the Tenth Circuit affirmed defendant's sentence and found defendant's appeal to be frivolous. *See id.* at 184. The court fails to see how counsel could have been ineffective on appeal when he filed the *Anders* brief for defendant, and the Tenth Circuit held that the appeal was frivolous. Defendant has failed to establish prejudice or that counsel's actions fell below an objective standard of reasonableness, and the court denies his petition on this issue.

---

[2] Defendant was represented by different counsel at the sentencing hearing than during the plea stage.

*D. Conclusion*

The files and records conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**II. Motion to Allow Supplemental Briefing in Light of the Unites States Supreme Court Decision in *United States v. Booker* (Doc. 259)**

Also pending before the court is defendant's motion to supplement briefing in light of *United States v. Booker*, 543 U.S. 220 (2005). Defendant's motion to supplement is futile, as the Tenth Circuit has held that *Booker* does not apply retroactively to collateral petitions. *United States v. Bellamy,* 411 F.3d 1182, 1186 (10th Cir. 2005). In this case, defendant's case is not pending on direct review and was final before the Supreme Court's decision in *Booker. Booker* does not apply retroactively to defendant's § 2255 petition, and the court therefore denies his motion to supplement.[3]

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 243) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Allow Supplemental Briefing in Light of the United States Supreme Court Decision in *United States v. Booker* (Doc. 259) is denied.

---

[3] In defendant's reply brief to his § 2255 motion, defendant also made several arguments based on *Blakely v. Washington*, 542 U.S. 296 (2004). Because *Blakely*, like *Booker*, does not apply retroactively, *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), defendant is not entitled to relief.

-8-

Dated this 30th day of March 2006, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**